UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-02189-RGK-SP | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Dennis Cooper v. Munther Dorgalli et al.* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:

Not Present                                          Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Default Judgment [DE 22]

## I. INTRODUCTION

On October 24, 2023, Dennis Cooper ("Plaintiff") filed a Complaint against Munther Dorgalli and Azar Habib Issa ("Defendants"). The Complaint asserts Defendants operate a business in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA") and several claims under California state law. Defendants were served on December 12, 2023. Defendants have failed to respond to the action, and on January 25, 2024, default was entered by the Clerk.

Before the Court is Plaintiff's Motion for Default Judgment. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

The following facts are alleged in Plaintiff's Complaint unless otherwise indicated.

Plaintiff is a paraplegic and uses a wheelchair when traveling in public. (Compl. ¶ 1, ECF No. 1.) Defendants own and operate a grocery store, Lippys Country Mart ("Defendants' Business"). (*Id.* ¶ 2.) Defendants' Business is open to the public.

In July of 2023, Plaintiff visited Defendants' Business and encountered several barriers. (*Id.* ¶ 13.) Defendants' Business does not have a parking space designated for a person with disabilities, an access aisle, or the proper signage to be compliant with ADA standards. (*Id.*) These barriers interfered with Plaintiff's ability to use and enjoy the goods and services offered at Defendants' Business. (*Id.* ¶ 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02189-RGK-SP | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Dennis Cooper v. Munther Dorgalli et al.* | | |

### III. JUDICIAL STANDARD

A court may enter a default judgment if a party fails to defend a case, and the clerk has entered default. Fed. R. Civ. P. 55(a). An applicant may seek clerk-ordered judgment only when a claim is for an amount that is certain. *Id.* at 55(b)(1). Otherwise, the applicant must apply for a court-ordered default judgment. *Id.* at 55(b)(2).

Local Rule 55-1 requires an application for default judgment include the following: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is incompetent or an infant, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party if required by Rule 55(b)(2). C.D. Cal. L. R. 55-1.

"[D]efault judgments are ordinarily disfavored," and "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). When a court exercises its discretion to grant or deny a default judgment, it may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471–72.

Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, are assumed to be true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

### IV. DISCUSSION

#### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements under Federal Rule of Civil Procedure 55. Defendants have failed to defend the action, and the Clerk entered default against Defendants on January 25, 2024. (ECF Nos. 19, 20.) Defendants are not infants, incompetent persons, or exempted by the Servicemembers Civil Relief Act. Plaintiff adequately notified Defendants of this Motion. Accordingly, Plaintiff satisfies the procedural requirements, and the Court proceeds to consider the whether the *Eitel* factors favor granting default judgment.

#### B. *Eitel* Factors

The Court addresses each *Eitel* factor in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02189-RGK-SP | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Dennis Cooper v. Munther Dorgalli et al.* | | |

1. *Possibility of Prejudice to Plaintiff*

The first factor asks whether Plaintiff will be prejudiced, or left without recourse for recovery, if default judgment is denied. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Here, Plaintiff alleges he will continue to suffer discrimination because Defendants fail to operate their business in compliance with the ADA. (Compl. ¶ 13–14.) Defendants remain unwilling to appear. So, Plaintiff will likely be left without any remedy if Plaintiff's Motion is not granted. Accordingly, this factor favors entry of default judgment.

2. *Merits of Substantive Claim and Sufficiency of Complaint*

The second and third factors are often combined and require the "plaintiff state a claim on which [he] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiff alleges Defendants violated Title III of the ADA.

To prevail under Title III of the ADA, the plaintiff must establish the following: (1) they are disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, operates, or leases a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020). The Court addresses each element in turn.

    a. *Disabled Within the Meaning of the ADA*

First, Plaintiff must be disabled within the meaning of the ADA. The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Here, Plaintiff is a paraplegic and requires the use of a wheelchair when traveling in public. (Compl. ¶ 1.) Accordingly, Plaintiff is disabled within the meaning of the ADA.

    b. *Place of Public Accommodation*

Second, the defendant must own, lease, or operate a place of public accommodation. Here, Defendants own a grocery store which qualifies as a place of public accommodation. 42 U.S.C. § 12181.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02189-RGK-SP | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Dennis Cooper v. Munther Dorgalli et al.* | | |

       *c.     Discrimination within the Meaning of the ADA*

     Lastly, Plaintiff must have been discriminated against within the meaning of the ADA. Discrimination under the ADA includes failing to remove architectural barriers if the removal is readily achievable. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Plaintiff has the initial burden to show that the cost of removal does not exceed the benefits given the circumstances. *Lopez*, 974 F.3d at 1038. Upon a sufficient showing, the burden shifts to the defendant to counter the plaintiff's showing. *Id.* at 1039.

     Here, Plaintiff argues that removing the barriers includes little more than providing one designated parking space for persons with disabilities, a single access aisle adjacent to the parking spot, and the associated signage. (Compl. ¶ 13.) Further, Plaintiff alleges that Defendants have the financial resources to remove the barriers without much difficulty or expense. (*Id.* ¶ 17.) Defendants have not appeared and countered Plaintiff's claims. Thus, removal of the barriers appears to be readily achievable.

     Accordingly, the second and third *Eitel* factors weigh in favor of granting default judgment.

       3.     *Sum of Money at Stake*

     The fourth *Eitel* factor weighs the money in relation to the seriousness of defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Attorneys' fees and the costs for obtaining injunctive relief are considered in ADA cases. *See Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1073 (N.D. Cal. 2010). The ADA limits the cost of removing barriers to those that are readily achievable. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

     Here, Plaintiff seeks $3,222.00 in attorneys' fees. Given the action, attorneys' experience, and provided billing information, the Court finds this a reasonable amount. (Ex. A, ECF No. 22-2.) While the exact cost is unclear, Defendants' removal of the identified barriers seems readily achievable. Plaintiff requests Defendants provide a single parking space, an access aisle, and the relevant signage. Thus, the Court finds that the sum of money at stake is not too large or unreasonable relative to Defendants' conduct. Accordingly, this factor favors granting default judgment.

       4.     *Possibility of Dispute Concerning the Material Facts*

     The fifth *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo*, 238 F. Supp. 2d at 1177. After default is entered, all well-pleaded facts in the complaint are taken as true, unless the facts relate to damages. *Id.* When a defendant does not oppose the motion and the complaint is presumed to be true, there exists no factual dispute that would preclude granting default judgment. *Vogel*, 992 F. Supp. 2d at 1013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02189-RGK-SP | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Dennis Cooper v. Munther Dorgalli et al.* | | |

Here, Plaintiff sufficiently alleged a discrimination claim under the ADA. Moreover, the material facts are undisputed because Defendants were served and do not oppose this Motion. Accordingly, there is no factual dispute that would preclude entry of default judgment.

### 5. *Possibility of Excusable Neglect*

The sixth *Eitel* factor "considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. When, as in this case, defendants are properly served and fail to appear, there exists "little possibility of excusable neglect . . . ." *Star Fabrics, Inc. v. SNS Fashion, Inc.*, 2016 WL 11760189, at *3 (C.D. Cal. July 15, 2016). Accordingly, this factor weighs in favor of granting default judgment.

### 6. *Policy Favoring Decision on the Merits*

The final *Eitel* factor considers the strong policy favoring decisions on the merits when possible. *Eitel*, 782 F.2d at 1472. A defendant's failure to answer a complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. When a defendant fails to appear, default judgment may be entered. *Vogel*, 992 F. Supp. 2d at 1013. Here, Defendants fail to appear which renders a decision on the merits near impossible. Accordingly, this factor does not preclude default judgment.

## C. **Damages**

### 1. *Injunctive Relief*

When a place of public accommodation violates the ADA, injunction is an appropriate remedy. 42 U.S.C. § 12188(a). Defendants failed to provide a designated parking spot, an access aisle, and the proper signage. (Compl. ¶ 13.) Plaintiff hopes to return to the business and is entitled to injunctive relief. Accordingly, the Court finds Plaintiff is entitled to an injunction which directs Defendants to implement the necessary parking space, access aisle, and signage to comply with the ADA guidelines.

### 2. *Attorneys' Fees and Costs*

In ADA actions, the court has discretion, to award "a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. Plaintiff requests $2,555.00 in attorneys' fees and $667.00 in litigation costs. (Pl.'s Mot. Default J. 1–2, ECF No. 22.) The Court finds the requested amount reasonable in light of the services rendered and documentation provided. Accordingly, an award of $3,222.00 is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-02189-RGK-SP | Date | April 11, 2024 |
|---|---|---|---|
| Title | *Dennis Cooper v. Munther Dorgalli et al.* | | |

**V.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment and **ENJOINS** Defendants from operating their business in violation of the ADA guidelines. The Court **AWARDS** Plaintiff's attorneys' fees and costs in the amount of **$3,222.00**.

**IT IS SO ORDERED.**

|   |   :   |
|---|---|
| Initials of Preparer | JRE/vc |